# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00681 PA (SPx) | Date | April 7, 2020 |
|---|---|---|---|
| Title | Fatima Galindo Tovar v. MasterBrand Cabinets, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant MasterBrand Cabinets, Inc. ("Defendant"). (Dkt. 1 ("Removal").) The Notice alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. at ¶7.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Here, the Notice of Removal states in relevant part:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00681 PA (SPx) | Date | April 7, 2020 |
|---|---|---|---|
| Title | Fatima Galindo Tovar v. MasterBrand Cabinets, Inc. et al. | | |

    Plaintiff has alleged that she "is a resident of San Bernardino County" and "was employed as an office assistant and earned an hourly wage at MCI's Redlands, California location." See (Exh. 1 "Complaint" ¶ 4). However, according to Defendant's records, Plaintiff's last known address is in Riverside County, California and she has not informed Defendant of a change to this address. (Statenow Decl.) ¶ 9. Furthermore, a public records search for Plaintiff's current address also reveals that as of March 20, 2020, she currently resides in Riverside, California. (Lee Decl. ¶ 7). Therefore, Plaintiff is domiciled and worked in California, and accordingly, Defendant alleges and believes that Plaintiff is, or was at the time of the filing of this civil action, a citizen of California.

(Removal ¶¶9-12.) But residence is not necessarily the same as domicile. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Therefore, Defendant has not adequately alleged Plaintiff's citizenship. Id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

    For these reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California for the County of San Bernardino, Case No. CIVDS2005366, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.